**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MONOLITO STARK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Cause No. 22-1183** |
| **vs.** | ) | |
| | ) | |
| **SA HOSPITAL ACQUISITION GROUP, LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT SA HOSPITAL ACQUISITION GROUP, LLC'S**
**<u>NOTICE OF REMOVAL</u>**

COMES NOW Defendant SA Hospital Acquisition Group, LLC ("SAHAG"), by and through its undersigned attorneys, in support of this Notice of Removal, states to this Honorable Court as follows:

**THE REMOVED ACTION**

1.      SAHAG is a Defendant in a civil action that was brought on or about August 23, 2022, by Plaintiff Monolito Stark in the Circuit Court of the County of Saint Louis, Missouri.

**PAPERS FROM REMOVED ACTION**

2.      Pursuant to 28 U.S.C. § 1446(a), SAHAG has attached to this Notice of Removal as Exhibit "A," a copy of the State Court file for the removed case, including a copy of all process, summons and pleadings served on SAHAG as of the date of removal.

**THE VENUE REQUIREMENT IS SATISFIED**

3.      Venue of this removal is proper under 28 U.S.C. § 1441 (a) because this Court is the United States District Court for the district and division corresponding to the place where the State Court action is pending.

1

**THE REMOVAL IS TIMELY**

4.        Plaintiff's Petition was served upon SAHAG on or about October 6, 2022. This Notice of Removal is filed within thirty (30) days of SAHAG's receipt of that copy of Plaintiff's Petition and is thus timely filed under 28 U.S.C. § 1446 (b).

**FEDERAL QUESTION**

5.        According to Plaintiff's Petition, this is an action, in part, for alleged violations of FTC Act, 15 U.S.C. § 45 ("FTC") and Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320(d) *et seq.* ("HIPAA"), and cites to the Code of Federal Regulations ("CFR") extensively to explain the nature of the proposed class's alleged causes of action against Defendant.

6.        Specifically, Count IV of the Petition alleges that Defendant committed Negligence per se, because Defendant allegedly breached a duty to comply with the FTC, a federal law, leading to purported damages to the proposed class of Plaintiffs.

7.        Paragraph 125 of the Petition summarizes the cause of action as "Defendant's violation of Section 5 of the FTC Act and its failure to comply with applicable laws and regulations constitutes negligence *per se*."

8.        The legal issues underlying Count IV of the Petition turn on the interpretation of the FTC, a federal law, to determine whether Defendant violated the FTC, which might support a cause of action for Negligence per se.

9.        Therefore, Count IV of the Petition raises a federal question, since a "federal question is raised when plaintiff's well pleaded complaint establishes that (1) federal law creates the cause of action asserted; or (2) **Plaintiff's claims necessarily turn on the resolution of a substantial question of federal law**." *McNeill v. Franke*, 171 F.3d 561,

2

563-564 (8th Cir.1999) (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807-810 (1986) (emphasis added).

10.     While negligence per se is theoretically a state-law claim, since the Petition raises a stated federal issue, actually disputed and substantial, the federal courts will "entertain [the case] without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (brackets added).

11.     Therefore, this Court has original federal question subject matter jurisdiction of this action without regard to the amount in controversy. In addition, this Court has subject matter jurisdiction of this case and over the parties pursuant to 28 U.S.C. § 1331. Accordingly, this action may be removed to this Court, as provided by 28 U.S.C. § 1441(a), (b).

12.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the other causes of action in Plaintiff's Petition because these claims arise out of a common nucleus of operative fact as Count IV, and therefore, this court may exercise supplemental jurisdiction over the remaining Counts as well.

### FILING OF REMOVAL PAPERS

13.     Under 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to Plaintiff's counsel, and a Notice to Clerk of Removal has been simultaneously filed with the Circuit Court of the County of Saint Louis, Missouri.

WHEREFORE, Defendant, SA Hospital Acquisition Group, LLC, does hereby remove the above captioned action from the Circuit Court of the County of Saint Louis,

Missouri, and requests that further proceedings be conducted in this Court as provided by

law.

      Dated: November 7, 2022.

                                 Respectfully submitted,

                                 FRANKEL, RUBIN, KLEIN,
                                  PAYNE & PUDLOWSKI, P.C.

                             By: /S/ MAYER S. KLEIN
                               MAYER S. KLEIN, #MO32605
                               mklein@frankelrubin.com
                               231 S. Bemiston, Suite 1111
                               Clayton, Missouri  63105
                               Telephone: (314) 725-8000
                               Facsimile: (314) 726-5837

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing documents was filed electronically through the Courts electronic filing system and served upon all counsel of record in the underlying state court lawsuit on November 7, 2022.

                               /S/ MAYER S. KLEIN
                                 MAYER S. KLEIN